UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSEPH THOMAS WAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:15-cv-00065-PPS |
| | ) | |
| ST. JOSEPH COUNTY, INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Joseph Thomas Wayer was convicted of murdering his ex-wife. *Wayer v. State*, 20 N.E. 3d 608 (Ind. Ct. App. 2014) (table); *Wayer v. State*, No. 71A03-1310-CR-415, 2014 Ind. App. Unpub. LEXIS 1248, at *5 (Ind. Ct. App. Sept. 18, 2014). The only physical evidence connecting him to the crime scene were two hairs found on the victim. *Id.* (and Complaint at 4 and 5, DE 1). Detective Galen Pelletier investigated the crime. He took buccal swabs and two strands of Wayer's hair. The swabs were sent to the crime lab, but the hair samples disappeared. Wayer alleges that Detective Pelletier manufactured the evidence necessary to convict him by intentionally placing those hair samples with ones collected from the victim's body – thereby making it look like Wayer had been at the scene of the crime. In this case, Wayer is suing Detective Pelletier, his supervisor Detective Tim Corbett, and his employer St. Joseph County. Wayer is not seeking to overturn his conviction with this case, but rather is suing for damages based on a number of theories including constitutional violations, false imprisonment, slander, and mental and physical anguish.

Wayer is a prisoner and he filed this case *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of cases filed by prisoners.

This complaint has one critical problem: in order for Wayer to win this case for damages, he has to prove that he was convicted using fraudulent evidence. Doing this would undermine his conviction. However, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court explained that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Here, Wayer filed this case from the Indiana State Prison. He states that he was convicted and makes no mention of his conviction having been overturned in any way. The Indiana Court of Appeals affirmed his conviction. *Wayer v. State*, No. 71A03-1310-CR-415, 2014 Ind. App. Unpub. LEXIS 1248 (Ind. Ct. App. Sept. 18, 2014). Based on this complaint, it would not be plausible for me to conclude that Wayer was not now being held on this conviction. Thus, Wayer may not proceed on these claims at this time. Nevertheless, if his conviction has been set aside

2

somehow, he needs to file an amended complaint providing that additional information. *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1023 (7th Cir. 2013) ("District courts must allow IFP plaintiffs leave to amend at least once in all circumstances in which such leave would be granted to fee-paying plaintiffs under Rule 15(a).").

For the foregoing reasons, the court: (1) **DISMISSES** this complaint **WITHOUT PREJUDICE**; (2) **GRANTS** Joseph Thomas Wayer until June 30, 2015, to file an amended complaint; and (3) **CAUTIONS** Joseph Thomas Wayer that if he does not respond by that deadline, final judgment will be entered against him in this case.

**SO ORDERED**.

ENTERED: May 27, 2015

/s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT